NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 28 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VALERIE RUSSO, an individual, | No.  15-56816 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-03184-ODW-JCG |
| v. | |
| APL MARINE SERVICES, LTD., a Delaware Corporation, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted June 6, 2017
Pasadena, California

Before:  BEA and HURWITZ, Circuit Judges, and MOTZ,** District Judge.

Valerie Russo, a crewmember on the APL Korea, sued the ship's owner, APL

Marine Services, Ltd. ("APL"), and its captain, James Londagin, alleging state law

and maritime claims arising out of alleged harassment by Londagin after their

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**    The Honorable J. Frederick Motz, United States District Judge for the District of Maryland, sitting by designation.

romantic relationship ended and the termination of her employment. After the district court granted partial summary judgment in favor of APL on Russo's claims for harassment, discrimination, retaliation, wrongful termination, and unseaworthiness, a jury returned a defense verdict on Russo's Jones Act claim for negligent infliction of emotional distress. On appeal, Russo challenges a jury instruction on the Jones Act claim and the summary judgment on her other claims.[1] We affirm.

1. Even assuming Russo properly objected to the jury instruction concerning negligent infliction of emotional distress, there was no error. The district court faithfully articulated the Jones Act zone of danger test set forth by the Supreme Court in *Consolidated Rail Corp. v. Gottshall*, 512 U.S. 532, 547 (1994).

2. Russo argues that the district court erred in rejecting her unseaworthiness claim because she produced no evidence of a "savage and vicious physical attack." The court correctly rejected this claim. An unseaworthiness cause of action arises only if there has been a physical attack that results from the "savage and vicious" disposition of a member of the crew. *See, e.g., Boorus v. W. Coast Trans-Oceanic S.S. Line*, 299 F.2d 893, 894-95 (9th Cir. 1962); *see also Boudoin v. Lykes Bros. S.S. Co.*, 348 U.S. 336, 339-40 (1955).

---

[1] The district court dismissed Russo's battery claim for failure to state a claim, but granted leave to amend. Russo did not amend her complaint, and does not contest the dismissal on appeal.

3. The district court did not err in dismissing Russo's claims under the California Fair Employment and Housing Act. California courts presume that the California legislature "did not intend to give its statutes any extraterritorial effect" unless "such intention is clearly expressed or reasonably . . . inferred" from the statute's text, its purpose, or legislative history. *N. Alaska Salmon Co. v. Pillsbury*, 162 P. 93, 94 (Cal. 1916). The FEHA contains no such clear evidence of intent. *See Campbell v. Arco Marine, Inc.*, 50 Cal. Rptr. 2d 626, 633 (Ct. App. 1996).

4. The district court correctly dismissed Russo's California constitutional claim for the same reason. "Ordinarily, [r]ules of construction and interpretation that are applicable when considering statutes are equally applicable in interpreting constitutional provisions." *Morgan v. Imperial Irrigation Dist.*, 167 Cal. Rptr. 3d 687, 698 (Ct. App. 2014) (alteration in original) (citation omitted). We find no indication that the antidiscrimination provision in the California constitution was intended to apply to employment that occurs predominantly outside of the state on the high seas.

**AFFIRMED.**